# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02451-RGK-MAA | Date | March 25, 2020 |
|---|---|---|---|
| Title | *VICTORIA HERNANEZ v. ACCEPTANCE INSURANCE AGENCY OF TENNESSEE INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 30, 2020, Victoria Hernandez ("Plaintiff") filed a complaint against Acceptance Insurance Agency of Tennessee, Inc. ("Defendant") alleging state statutory claims under the California Labor Code.

On March 13, 2020, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages for unpaid overtime, failure to provide meal or rest breaks, unpaid minimum wages, waiting penalties, failure to provide accurate wage statements, unreimbursed business expenses, and attorneys' fees and costs. In support of its removal, Defendant calculates that based on Plaintiff's hourly wage, her overtime pay for 18 hours of overtime would be $37,957. Nowhere in the complaint does Plaintiff state how much overtime she allegedly worked. Defendant simply pulls this number out of thin air. In light of the fact that this is not a conservative estimate (i.e., approximately 4 hours of overtime each work day), the Court finds that without facts to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02451-RGK-MAA | Date | March 25, 2020 |
|---|---|---|---|
| Title | *VICTORIA HERNANEZ v. ACCEPTANCE INSURANCE AGENCY OF TENNESSEE INC.* | | |

support this figure, Defendant's estimate is too speculative. The same is true for Defendant's calculation of Plaintiff's claim for unpaid minimum wages. Defendant calculates that Plaintiff seeks $4,622 in unpaid minimum wages. However, Defendant does not clearly explain the logic of its calculation and why it used certain numbers, such as 5 hours per week. Therefore, the Court again finds Defendant's calculation impermissibly speculative. Given the speculation involved in Defendant's calculation, the Court finds Defendant's allegation regarding the amount in controversy implausible.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer